IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 15 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEROY MOSES NELSON, #11008979,

                         Plaintiff,

    -against-

NASSAU COUNTY SHERIFF DEPARTMENT,
SHERIFF MICHAEL SPOSATO, ARMOR CORRECTIONAL
HEALTH, INC., NASSAU COUNTY CORRECTIONS
FACILITY and all JOHN DOE and JANE DOE who work there,

                         Defendant.
------------------------------------------------------------------X

**ORDER**
13-CV-00477(SJF)(GRB)

FEUERSTEIN, District Judge:

I.     Introduction

On January 24, 2013, incarcerated *pro se* plaintiff Leroy Moses Nelson ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the defendants, the Nassau County Sheriff's Department, Sheriff Michael Sposato ("Sposato"), Armor Correctional Health, Inc. ("Armor"), the Nassau County Corrections Facility ("NCCF") and all John/Jane Does who work there (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to file the complaint without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* is GRANTED. However, for the reasons set forth below, the complaint is *sua sponte* dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b)(1).

II.     The Complaint

Plaintiff alleges that, on or about March 1, 2012, he fell asleep while being transported from court to the NCCF in the Sheriff's van when he felt an "[i]mpact like someone hit us,"

causing him to hit his head and bang his right knee on a metal plate inside the van. (Compl., ¶ IV). According to plaintiff, he was not wearing a seatbelt "because they were removed to put the metal plates inside." (Id.) Plaintiff claims that he was denied "outside medical attention" and instead was treated at the NCCF's medical unit, which is operated by Armor. (Id.) According to plaintiff, he was provided a knee brace and pain medication, but his request for an MRI was denied. (Compl., at ¶ IV.A). Plaintiff claims to suffer pain in both knees, his back and his neck as a result of the "deni[al] [of] proper medical attention" and seeks compensatory damages in the amount of four million dollars ($4,000,000.00). (Compl. at ¶¶ IV.A-V).

III. Discussion

    A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i-iii). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are obliged to read *pro se* complaints plaintiff liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of

2

Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quotations and citations omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied, 133 S. Ct. 846, 184 L. Ed. 2d 655 (Jan. 7, 2013) (accord). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). The plausibility standard requires "more that a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 679, 129 S. Ct. 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949; see also Wilson, 671 F.3d at 128 (accord).

3

B.  Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

1.  Nassau County Sheriff's Department and NCCF

"Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002); see also Robischung-Walsh v. Nassau County Police Dep't, 699 F. Supp.2d 563, 565 (E.D.N.Y. 2010, aff'd, 421 F. App'x. 38 (2d Cir. 2011). Since the Nassau County Sheriff's Department and NCCF are administrative arms of the County of Nassau ("the County"), they lack the capacity to be sued. See, e.g., Burton v. Nassau County Sheriff Dept., No. 13-cv-1119, 2013 WL 1833265, at * 3 (E.D.N.Y. May 1, 2013); Miller v. County of Nassau, No. 10-cv-3358, 2013 WL 1172833, at * 4 (E.D.N.Y. Mar. 19, 2013); Hawkins v. Nassau County Correctional Facility, 781 F. Supp. 2d 107, 109 n. 1 (E.D.N.Y. 2011); Varricchio v. County of Nassau, 702 F. Supp. 2d 40, 50 (E.D.N.Y. 2010). Accordingly, the complaint is dismissed in its entirety with prejudice as against the Nassau

County Sheriff's Department and NCCF. However, since plaintiff is proceeding *pro se,* his complaint will be construed as being brought against the County.

        2.    Municipal Liability

"[A] municipality [or municipal entity] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality [or municipal entity]." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v.Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v.

5

County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S.Ct. 1741, 182 L.Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359.

In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or municipal entity] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Id.

Since the complaint is devoid of any factual allegations tending to support an inference that a municipal policy or custom existed with respect to the purported denial of proper medical attention to plaintiff, it fails to state a plausible Section 1983 claim against the County. See Murray v. Johnson, No. 260, 367 F. App'x 196, 197 (2d Cir. Feb. 22, 2010) (summary order) (affirming dismissal of the plaintiff's deliberate indifference claim against the municipality where the plaintiff

6

failed to show an official policy or directive that caused the medical staff or prison guards unreasonably to act). Accordingly, plaintiff's Section 1983 claims as construed to be against the County are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

### 3. Armor

Although Armor is a private company contracted to perform medical services for inmates at the NCCF, see, e.g., Briel v. Sposato, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012), "anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012); see also Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir. 2010). Assuming, *arguendo*, that Armor was acting under color of state law in rendering medical services to plaintiff at the NCCF, "[p]rivate employers are not liable under Section 1983 for the constitutional torts of their employees * * * unless the plaintiff proves that action pursuant to official . . . *policy* of some nature caused a constitutional tort." Rojas v. Alexander's Department Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed). "Although Monell dealt with municipal employers, its rationale has been extended to private businesses [acting under color of state law]." Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law).

Since the complaint is devoid of any factual allegations tending to support an inference that an official policy or custom existed with respect to the purported denial of proper medical attention to inmates at the NCCF, it fails to state a plausible Section 1983 claim against Armor.

7

Accordingly, plaintiff's Section 1983 claims against Armor are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

4.سheriff Sposato and Doe Defendants

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004); Johnson v. Newburgh Enlarged School District, 239 F.3d 246, 254-55 (2d Cir. 2001). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello, 632 F.3d at 48-9.

Plaintiff has not alleged the direct participation of Sposato, or any of the Doe defendants, in any of the wrongdoing alleged in his complaint, i.e., the purported denial of proper medical attention, nor any basis upon which to find Sposato, or any Doe defendant, liable in a supervisory

8

capacity. Accordingly, plaintiff's Section 1983 claims against Sposato and the Doe defendants are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), leave to amend is not required where a proposed amendment would be futile. Hill, 657 F.3d at 123-24; see also Morpurgo v. Incorporated Village of Sag Harbor, 697 F. Supp. 2d 309, 342 (E.D.N.Y. 2010), aff'd, 417 Fed. Appx. 96 (2d Cir. 2011). "[A] complaint amendment would be futile only if the amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face." MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), aff'd, 442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011).

Amendment of the complaint to allege a Section 1983 claim against the County or Armor would be futile because a constitutional violation cannot plausibly be inferred from the factual allegations set forth in the complaint. Since plaintiff is a pretrial detainee held in state custody, his claim of deliberate indifference to his medical needs is analyzed under the Due Process Clause of the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). "[T]he standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment as it is under the Eighth Amendment." Id. at 70-71, 72.

A claim for deliberate indifference to medical needs has both an objective and subjective component. See Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011); Hill, 657 F.3d at 122. Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill, 657 F.3d at 122 (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire (1) whether the inmate was "actually deprived of adequate medical care," i.e., whether the prison officials acted reasonably in response to the inmate's medical needs; and (2) "whether the inadequacy in medical care [was] sufficiently serious," i.e., how the challenged conduct was inadequate and what harm, if any, the inadequacy has caused or will likely cause the inmate. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

"Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and * * * was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)).

Generally, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Estelle, 429 U.S. at 106, 97 S.Ct. 285 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does

10

not state a valid claim * * * under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Hill, 657 F.3d at 123 ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness– an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." (quotations and citation omitted)); Farid, 593 F.3d at 249 ("[N]egligence is insufficient to support an Eighth Amendment claim."); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("'Deliberate indifference' describes a mental state more blameworthy than negligence * * * [and] is a state of mind that is the equivalent of criminal recklessness. * * * A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act * * * that evinces a conscious disregard of a substantial risk of serious harm." (internal quotations and citations omitted)).

Moreover, "a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." Hill, 657 F.3d at 123; see also Hanrahan v. Mennon, 470 Fed. Appx. 32, 33 (2d Cir. May 18, 2012) (summary order). "[M]ere disagreement over the proper treatment does not create a constitutional claim." Hill, 657 F.3d at 123 (quoting Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998)); see also Allah v. Michael, No. 11-1475-pr, 2012 WL 6633977, at * 2 (2d Cir. Dec. 21, 2012) (summary order). "[T]he essential test is one of medical necessity and not one simply of desirability." Hill, 657 F.3d at 123 (quoting Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986)).

Based upon the factual allegations in the complaint, plaintiff cannot state a plausible claim premised upon a deliberate indifference to medical needs theory. Plaintiff alleges that he was sent to the NCCF's medical unit immediately after the injury, where a knee brace and pain medication was given to him based upon his complaints of pain. Thus, plaintiff received timely and adequate

11

medical treatment for his head and knee injury while incarcerated at the NCCF. Plaintiff's claim, then, is only that he was denied what he believes, in his unsupported, layperson opinion, to be appropriate medical care, i.e., an MRI and examination by an "outside" doctor, which is insufficient to state a constitutional violation, see, e.g. Estelle, 429 U.S. at 107, 97 S.Ct. 285 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice * * *."); Bolden v. City of Sullivan, No. 11-4337, 2013 WL 1859231, at * 2 (2d Cir. May 6, 2013) (summary order) (affirming summary judgment where the plaintiff "simply disagree[d] with the medical judgment of the County Jail medical staff regarding the proper course of treatment during her incarceration); Hernandez, 341 F.3d at 146-47 (holding that an issue of medical judgment, i.e., whether or not to provide specific treatment, "cannot form the basis of a deliberate indifference claim."); Fox v. Fischer, 242 Fed. Appx. 759, 760 (2d Cir. July 20, 2007) (summary order) (holding that the plaintiff's allegations that the treatment he received while incarcerated was insufficient and ineffective was, at best, a medical malpractice claim insufficient to state a constitutional violation); Palacio v. Ocasio, No. 02 Civ. 6726, 2006 WL 2372250, at * 11 (S.D.N.Y. Aug. 11, 2006), aff'd, 345 Fed. Appx. 668 (2d Cir. Sept. 14, 2009) (holding that "a disagreement over the proper treatment," i.e., a challenge to the adequacy of the medication given to treat the plaintiff's pain, does not support a constitutional claim). There is no indication in the complaint, *inter alia*, that plaintiff suffered from a life-threatening or fast-degenerating condition, nor is there any allegation that a medical provider or other staff member acted with a culpable state of mind. See, e.g. Hill, 657 F.3d at 123 (affirming dismissal of the plaintiff without leave to amend where there was no indication in the complaint that any medical provider recommended treatment different from the treatment that the plaintiff was afforded, nor any allegation that any medical

12

provider acted with a culpable state of mind); Palacio, 2006 WL 2372250, at * 11 (dismissing the plaintiff's deliberate indifference claim where, *inter alia*, there was no suggestion that the plaintiff suffered from a life-threatening or fast-degenerating condition or that prison officials deliberately delayed his treatment as a form of punishment). Accordingly, plaintiff's complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim for relief.

IV.     Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l) for failure to state a claim for relief. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L.Ed. 2d 21 (1962).

**SO ORDERED.**

                                            _____
                                            Sandra J. Feuerstein
                                            United States District Judge

Dated:      May 15, 2013
             Central Islip, New York